UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**OCWEN LOAN SERVICING, LLC**
    **Plaintiff**

v.                                                                   CASE No. 1:18-CV-00112

**CHARLES GALLAGHER,**
    **Defendant**
_____/

**COMPLAINT TO FORECLOSE MORTGAGE**

I.
INTRODUCTION

Ocwen Loan Servicing, LLC ("Ocwen") files this complaint to foreclose a certain mortgage given by the Defendant, Charles Gallagher, encumbering the property at 183 Greenbush Road, West Warwick, Rhode Island ("Property"). The Defendant defaulted on his obligation to make monthly payments under the mortgage and note which it secures and Plaintiff now seeks to judicially foreclose the mortgage pursuant to §34-27-1 and, as applicable, §34-27-3.2(d)(5).

II.
PARTIES

1. Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability company incorporated in the State of Delaware and has a principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 34409.

2. Defendant, Charles Gallagher, is an individual who, upon information and belief, resides at 183 Greenbush Road, West Warwick, RI 02893.

III.
JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action involving Ocwen's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete

diversity between the Plaintiff and the Defendant and the amount in controversy is more than $75,000.00 in that the outstanding principal balance due and owing on the mortgage which Ocwen now seeks to foreclose is $331,809.77.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

## IV.
## FACTS

5. Ronald A. Grandchamp and Olga J. Grandchamp executed a warranty deed conveying the Property to Joseph Dane and Donna Dane by Deed dated September 9, 1983 which was recorded with the LER on September 12, 1983 in Book 113, Page 560.

6. Joseph Dane and Donna Dane executed a warranty deed conveying the Property to Ralph G. Tomasso and Roberta Tomasso by Deed dated June 12, 1989 which was recorded with the LER on June 12, 1989 in Book 328, Page 161.

7. Ralph G. Tomasso and Roberta Tomasso executed a warranty deed conveying the Property to Arthur J. Brown and Mary E. Brown by Deed dated June 28, 1990 which was recorded with the LER on June 28, 1990 in Book 375, Page 272.

8. Arthur J. Brown executed a quitclaim deed conveying his interest in the Property to Mary E. Brown by deed dated November 29, 2007 which was recorded with the LER on November 29, 2007 in Book 1910, Page 308.

9. Mary E. Herbert f/k/a Mary E. Brown executed a warranty deed in favor of Defendant Charles Gallagher dated July 7, 2016 which was recorded with the LER on July 15, 2016 in Book 2433, Page 68.

10. Charles Gallagher ("Gallagher") secured a mortgage loan from Ocwen Loan Servicing LLC, on July 15, 2016 (the "Loan").

11. This Loan is evidenced by a promissory note in the original principal amount of $332,859.00 dated July 15, 2016, given by Charles Gallagher to Ocwen Loan Servicing LLC (the "Note"). The Note is indorsed in blank by Ocwen Loan Servicing, LLC. Ocwen or its designated document custodian has physical possession of the Note. A true and accurate copy of the Note is attached hereto as Exhibit 1.

12. The Note is secured by a mortgage given by Gallagher to Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for Ocwen Loan Servicing LLC, encumbering the Property in the original principal amount of $332,859.00 dated July 15, 2016 and recorded with the LER on July 15, 2016, in Book 2433, Page 71 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as Exhibit 2[1].

13. Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for Ocwen Loan Servicing LLC assigned the Mortgage to Ocwen Loan Servicing, LLC by assignment dated March 3, 2017 and recorded with the LER on March 24, 2017, in Book 2482, Page 79. A certified copy of said Assignment is attached hereto as Exhibit 3.

14. Gallagher has defaulted in his monthly payment obligations due under the Note and Mortgage, and the mortgage account with Ocwen is now due for the November 1, 2016 payment together with all subsequently accrued but unpaid installments.

15. On June 19, 2017, Ocwen sent Notices of Default to Charles Gallagher via first class mail. True and accurate copies of said Notices are attached hereto as Exhibit 4.

16. The default set forth in the June 19, 2017 Notices of Default was never cured. A true and accurate copy of the payment history maintained by Ocwen in connection with the subject mortgage loan is attached hereto as Exhibit 5.

---

[1] As pleadings are filed electronically, the exhibits referred to herein are copies of certified documents and the loan number has been redacted for the borrower's protection. Undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

17. On July 27, 2017, Ocwen, through its attorneys, Korde & Associates, P.C., sent Notices of Acceleration to Gallagher via certified and first class mail. True and accurate copies of said Notices are attached hereto as <u>Exhibit 6</u>.

## COUNT I
## FOR DECLARATORY JUDGMENT

18. Ocwen re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-17 above.

19. Ocwen seeks a judgment from this Court declaring that (a) Ocwen Loan Servicing, LLC is the owner of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendant, Charles Gallagher, is in default of the terms and conditions set forth in the Note and Mortgage.

## COUNT II
## FOR DECREE BARRING ALL RIGHTS OF REDEMPTION
## AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

20. Ocwen re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-17 above.

21. Ocwen seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which the Defendant may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, Ocwen Loan Servicing, LLC, free of any and all right, title, interest or claim of the Defendant to this action.

## COUNT III
## FOR AN ORDER OF SALE

22. Ocwen re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 above.

23. In the alternative to the relief sought in Count II hereof, Ocwen seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing Ocwen to sell the property at public sale or by such other means and subject to such terms and conditions as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of the Defendant and otherwise free of any and all other rights, title, interests or claims of the Defendant to this action. In relation thereto, Ocwen further seeks and order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, Ocwen requests that the Court:

(a) Given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1, Ocwen prays that in the event the Defendant, Charles Gallagher, should appear in this action at any time prior to the entry of a default against him, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendant an opportunity to submit a completed application for loss mitigation to the Plaintiff and for the Plaintiff, in turn, to render a determination of the Defendant's eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendant should affirmatively decline in a pleading or other document filed with the Court that he does not wish to submit such an application;

(b) If the Borrower-Defendant fails to file an answer or other responsive pleading to this Complaint or otherwise fail to file a statement or other pleading with this Court at any time prior to the Plaintiff's motion for entry of final judgment expressing an interest in participating in mediation as ordered or facilitated by this Court, declare in said judgment that the Borrower-Defendant was provided with a full and fair opportunity to mediate as an alternative means of resolving this case;

(c) Issue a decree determining that the Defendant, Charles Gallagher, is in default of the terms and conditions of the Note and Mortgage;

(d) Issue a decree determining that the Plaintiff, Ocwen, is the present owner of the Note and the present holder of the Mortgage and entitled to enforce the default remedies provided for therein;

(e) Issue a judgment forever barring the Defendant's exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, Ocwen, free of any and all right, title, interest or claim of the Defendant or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the West Warwick Land Evidence Records;

(f) In the alternative to the relief sought in the preceding paragraph (e), issue an order authorizing and directing the Plaintiff to sell the Property at public sale or by such other means as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of the Defendant and otherwise free of any and all other rights, title, interest or claim of the Defendant to this action or any other

person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the West Warwick Land Evidence Records;

(g) In conjunction with the order of sale requested in the foregoing prayer for relief, provide in the judgment that the foreclosure sale referenced in the preceding paragraph and Plaintiff's delivery of a foreclosure deed to the successful high bidder at such sale shall extinguish all right, title, interest, lien, mortgage or claim in or to the Property of the Defendant to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the West Warwick Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the Plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(h) Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and

(i) Grant such other and further relief as the Court deems just and proper.

Dated:  March 5, 2018                    Respectfully Submitted,

                                         Ocwen Loan Servicing, LLC,
                                         By its Attorney,

                                         /s/ Catherine V. Eastwood
                                         Catherine V. Eastwood, Esq., RI# 6406
                                         Korde & Associates, P.C.
                                         900 Chelmsford Street, Suite 3102
                                         Lowell, MA 01851
                                         (978) 256-1500 (ext. 249)
                                         ceastwood@kordeassociates.com